NO. 12-03-00156-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS


 


§
 



IN RE: ZUFAR FAJR KHUFU
§
 ORIGINAL PROCEEDING



§
 






 MEMORANDUM OPINION


 Relator Zufar Fajr Khufu ("Relator") seeks a writ of mandamus compelling the trial court
to hold a hearing and to rule on various pending discovery motions. We deny the writ.

 A trial court abuses its discretion where it (1) has a legal duty to perform a non-discretionary
act, (2) is asked to perform the act, and (3) fails or refuses to do so. Barnes v. State, 832 S.W.2d
424, 426 (Tex. App.-Houston [1st Dist.] 1992, orig. proceeding). When a motion is properly filed
and pending before a trial court, the act of considering and ruling upon that motion is a ministerial
act. In re Chavez, 62 S.W.3d 225, 228 (Tex. App.-Amarillo 2001, orig. proceeding). However, the
trial court has a reasonable time within which to perform this duty. Barnes, 832 S.W.2d at 426. 

 What constitutes a reasonable time is dependent upon the circumstances of each case. 
Barnes, 832 S.W.2d at 426. In determining whether a specific length of time is reasonable, an
appellate court may consider, inter alia, (1) the trial court's actual knowledge of the motion, (2) its
overt refusal to act on the motion, (3) the state of the court's docket, (4) the existence of other
judicial and administrative matters which must be addressed first, and (5) the trial court's inherent
power to control its own docket. Chavez, 62 S.W.3d at 229. The earliest filing date for any of the
pending motions is March 26, 2003. Therefore, none of the motions about which Relator complains
had been filed for more than two months on May 27, 2003 when Relator filed his mandamus
petition. 

 Relator has furnished no information that allows us to determine the reason for the trial
court's failure to act. Without such information, we cannot determine whether the trial court has had
a reasonable time to conduct a hearing and rule on Relator's motions. Relator emphasizes the
urgency of the matter by pointing out that the underlying lawsuit is scheduled for trial on June 2,
2003 and his discovery is not complete. However, that may be resolved by Relator's filing a motion
for continuance in compliance with Texas Rules of Civil Procedure 251 and 252. Consequently, we
conclude that Relator has failed to show that he is entitled to mandamus relief. Accordingly,
Relator's petition for writ of mandamus is denied.

 Writ of mandamus denied.


 SAM GRIFFITH 

 Justice



Opinion delivered May 30, 2003.

Panel consisted of Worthen, C.J. and Griffith, J.











(PUBLISH)